IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD CZARNECKI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 22-521 |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, | ) ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 19th day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court is asked here to look back over a decade to determine whether Plaintiff was disabled on or before his date last insured on March 31, 2013. The Administrative Law Judge ("ALJ") found that the evidence did not establish disability during this time, and unsurprisingly Plaintiff disagrees, raising a number of arguments as to why he believes this finding was wrong.

Keeping in mind the time frame at issue, the Court finds no merit in any of Plaintiff's various contentions and instead finds that the ALJ's decision is supported by substantial evidence.

Plaintiff first suggests that the ALJ applied the wrong version of the Social Security Administration ("SSA")'s regulations in evaluating the medical opinion evidence. Specifically, he argues that the ALJ applied the newer regulations, applicable for claims filed on or after March 27, 2017, rather than the older version of the regulations which should have applied since his case was filed on March 29, 2010. This is relevant at least in part, he argues, because the new regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). Although Plaintiff is correct that the ALJ was obligated to apply the older version of the SSA's regulations here, there is nothing to indicate that she did not do so.

The amended regulations differ in several ways from the earlier ones. For one thing, the terminology regarding the consideration of medical opinions changed; while under Section 404.1527 ALJs assigned "weight" to opinions, pursuant to Section 404.1520c they determine the "persuasiveness" of the opinions. Moreover, as stated above, the new regulations no longer contain the treating physician rule, while the older version still governing claims filed before March 27, 2017, continues to apply that rule. Accordingly, pursuant to 404.1520c, while the medical source's treating relationship with the claimant is still a valid consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c). Under 404.1527, on the other hand, the opinions of the claimant's treating physicians generally are to be afforded significant weight. *See Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). In fact, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Fargnoli*, 247 F.3d at 43; *Plummer*, 186 F.3d at 429. As a result, under the old regulations, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he or she can afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. *See Plummer*, 186 F.3d at 429.

Here, however, the record shows that ALJ applied the proper version of the regulations. First, the Court notes that the ALJ expressly acknowledged a source's status as a treatment provider in evaluating that source's opinion. Further, she assigned each of the medical opinions "weight," as required by Section 404.1527, rather than discussing their persuasiveness, as dictated by Section 404.1520c. The Court has no basis to conclude that the ALJ did anything other than properly apply Section 404.1527.

Regardless, it makes little difference, because, as the Commissioner points out, the opinions of Plaintiff's treating physicians are generally consistent with the ALJ's residual functional capacity ("RFC") findings. Plaintiff, for instance, argues that more weight should

have been given to the opinions of his treating orthopedist, Edward Goldberg, M.D. (R. 428-30, 2794), because of his long-time treating relationship with Plaintiff.  (Doc. No. 12, pp. 20-21).  However, although the ALJ did assign this opinion little weight, this was largely based on the fact that Dr. Goldberg's opinion was conclusory and had not provided a function-by-function analysis of Plaintiff's abilities.  (R. 26).  Regardless, the limitations to which Dr. Goldberg opined are generally consistent with those in the RFC formulated by the ALJ.  On June 2, 2010, Dr. Goldberg opined that Plaintiff could not return to his work as a fire department paramedic, but that he could perform possible sedentary work (R. 429), which is consistent with the ALJ's findings.  (R. 22-23, 27).  Likewise, on April 18, 2011, Dr. Goldberg indicated that Plaintiff could perform sedentary to light work and specifically that he could occasionally lift 17 pounds overhead and 10 pounds from floor to waist, frequently lift 8 pounds, and occasionally squat, crawl, and climb, which, again, is not inconsistent with the RFC.  Even if assigned greater weight, therefore, it is hard to see how Dr. Goldberg's opinion would have changed Plaintiff's RFC or the ultimate outcome in this case.

The situation is similar in regard to the opinion of Mir Ali, M.D. (R. 3421), another of Plaintiff's treating sources.  Dr. Ali stated that Plaintiff was not able to sit for more than 20-30 minutes at a time or sit more than 7 hours a day.  (*Id.*).  Again, the ALJ gave this brief opinion little weight because it was conclusory and lacked a function-by-function analysis.  Nonetheless, the RFC expressly requires that Plaintiff be permitted to stand for 1-2 minutes after sitting for 30 minutes, and the limited range of sedentary work to which Plaintiff was limited requires only that he be able to sit 6 hours a day.  (R. 22-23).  Again, nothing in Dr. Ali's opinion would warrant functional limitations beyond what was already contained in the RFC.  The ALJ similarly treated the opinion of Tom Hove, C.S.C.S., who opined Plaintiff could perform sedentary to light work (R. 2824, 2826, 2828, 2830), which was also consistent with the RFC findings.

The ALJ did actually afford some weight to the opinion of Plaintiff's treating physical therapist, Cristen Carlson, M.S., A.T.C. (R. 2804-12).  While she did not adopt all of Ms. Carlson's limitations, her finding that Plaintiff could perform only sedentary work was consistent with, and in fact slightly more restrictive than, Ms. Carlson's opinion that Plaintiff could perform sedentary to light work.  (R. 22-23).  Moreover, Plaintiff has not argued or demonstrated that any of the additional limitations to which Ms. Carlson may have opined would have prevented him from working as a document preparer, charge account clerk, or order clerk as found by the ALJ based on the testimony of the vocational expert.

Conversely, Plaintiff argues that the ALJ afforded too much weight to the opinions of the state reviewing agents.  Much of the evidence from the relevant time period in this case was submitted after the administrative hearing and well after the reviewing agents reviewed the record.  Plaintiff argues that the ALJ failed to adequately consider that these opinions were based on an incomplete record when assessing them.  However, the ALJ assigned these opinions little weight precisely because she found that the other record evidence demonstrated the need for more serious limitations than what they had opined.  (R. 25),  Indeed, the RFC crafted by the ALJ was considerably more restrictive than the opinions of the state reviewing agents.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:	Counsel of record

---

As noted, a good deal of the evidence pertaining to the time before Plaintiff's date last insured in 2013 was not entered into the record until after the administrative hearing. Plaintiff claims that the ALJ failed to give this later evidence sufficient consideration. However, the record shows that the ALJ did, in fact, consider this evidence, which included the opinion of Dr. Ali. Again, the ALJ gave little weight to the state reviewing agents' opinions largely because of the evidence submitted post-hearing.

Plaintiff makes several passing arguments regarding other alleged mistakes on the part of the ALJ, but none have merit. He argues, for instance, that the ALJ did not account for his use of a cane, but use of a cane to get to and from the workstation was specifically included in the RFC. (R. 22-23). Plaintiff also asserts that the ALJ failed to consider his use of a walker, but as the Commissioner points out, there is no evidence that any medical source had prescribed the use of a walker or found such use to be medically necessary. This significantly undercuts Plaintiff's argument that his condition met or equaled Listings 1.04 or 11.14 at Step Three of the sequential analysis, as Plaintiff has not demonstrated how, in the absence of a finding that he was unable to ambulate effectively, he could have met either listing.

The ALJ based her RFC findings on medical imaging data, examination findings showing normal reflexes, normal strength, and no muscle atrophy, as well as Plaintiff's activities of daily living. She also discussed and considered the impact of Plaintiff's August 2010 surgery. As noted, her findings were generally consistent with the various medical opinions in this case, and where they differed was where the RFC was more restrictive. Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports her findings. The Court will therefore affirm.